## In re GUARDIANSHIP OF MARTIN. MARTIN v. DOWELL.

No. 9811—Opinion Filed July 13, 1920.

Rehearing Denied Nov. 16, 1920.

(Syllabus by the Court.)

1. **Abatement and Revival—Death of Plaintiff in Error—Failure to Revive Action—Dismissal.**

A proceeding in error will be dismissed on motion, where plaintiff in error dies pending the proceeding and the action has not been revived within a year as provided in section 5294, Rev. Laws 1910, and the adverse party refuses to consent to a revivor, there being shown no facts that would constitute an unavoidable reason for failure to apply for a revivor within one year from the time in which such order might have first been made.

2. **Same.**

The plaintiff in error having died July 27, 1918, and the motion to revive the cause in the name of his successor not having been filed in this court until June 17, 1920, the death of the party being known at all times to the surviving heir and successor and no unavoidable reason being shown to this court why such motion was not made within the time prescribed by the statute, and the adverse party not consenting to such revival, the appeal will be dismissed.

Error from District Court, Nowata County; W. J. Campbell, Judge.

In the matter of the guardianship of Beulah M. Martin, nee Smith, a minor. From approval of final report of guardian, B. G. Dowell, error was brought by one of the heirs, Louis James Martin, who later died. Dismissed for failure to revive action in time.

A. Carey Hough, for plaintiff in error.

Chase & Campbell and Schwabe & Raymond, for defendant in error.

McNEILL, J. This cause is pending on appeal in this court from a judgment of the district court of Nowata county, Oklahoma, which judgment approved the final report of defendant in error, B. G. Dowell, as guardian of one Beulah M. Martin, nee Smith, a minor.

It appears from the record that, after the appointment of a guardian and prior to the date of the approval of his final report, his ward, Beulah M. Martin, nee Smith, died and was survived by her husband, James N. Martin, and two infant children, one of whom, Louis James Martin, was living at the time of the approval of the final report by the county court of Nowata county. The surviving heirs appealed from the order of

approval of the final report of the guardian to the district court, where, as hereinbefore stated, the judgment of the county court was affirmed and the final report approved by said district court upon a trial de novo. While the cause was pending in the district court, James N. Martin, surviving husband of the deceased minor, Beulah M. Martin, filed a stipulation of dismissal of the appeal from the judgment of the county court in so far as the judgment affected his interest in the estate of the deceased minor. Thereupon the other surviving heir, Louis James Martin, prosecuted the appeal to this court.

The defendant in error, B. G. Dowell, has filed his motion to dismiss the appeal for the reason that the plaintiff in error, Louis James Martin, departed this life on the 27th day of June, 1918, and that no attempt has been made to revive the action in the name of the administrator, legal representative, or heirs within one year from the time the order might have been made.

In response to this motion to dismiss the appeal, the attorney for plaintiff in error alleges that he was not informed of the death of his client until he was served with the motion to dismiss the appeal, and that such was the reason for failure to revive the action within a year of the date of the death of plaintiff in error, his client, and in addition to this response such attorney has filed a motion to revive the action in the name of the father of the deceased plaintiff in error, James N. Martin, who he alleges is the sole and only heir of the plaintiff in error, Louis James Martin. Responding to this motion to revive, the defendant in error, B. G. Dowell, files an affidavit executed by James N. Martin, the sole and only heir of the deceased plaintiff in error, which shows that he did not authorize the attorney for plaintiff in error to revive the cause in the Supreme Court in his name as father, successor, personal representative, or heir of the deceased plaintiff in error, Louis James Martin, and further stating that he had not consented that the cause be revived in his name and objects to such revival.

Section 5294, Rev. Laws 1910, provides:

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased, in the meantime, the order of revivor on both sides, may be made in the period limited in the last section; Provided, that where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

The plaintiff in error having died more than one year before the motion to revive the action is filed in this court, and the adverse party not having consented to such revival, it appearing from the affidavits on file supporting the motion to dismiss and objecting to the revival of the cause, that the father of the deceased plaintiff in error, who is the sole heir and successor of the plaintiff in error, objects to the revival of the cause in his name, and no administrator having been appointed over the estate of said plaintiff in error, the cause must be dismissed.

It is so ordered.

RAINEY, C. J., and HARRISON, PITCHFORD, and JOHNSON, JJ., concur.